**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**PAM R. CHISUM**                                                                                       **PLAINTIFF**

v.                                     **CASE NO. 4:08CV00628 JMM/BD**

**MICHAEL J. ASTRUE,**
Commissioner, Social
Security Administration,                                                                          **DEFENDANT**

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**I.     Instructions**

This recommended disposition has been submitted to United States District Judge James M. Moody.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than eleven (11) days from your receipt of the findings and recommendations.  A copy of objections must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations, in whole or in part.

**II.    Recommended Disposition**

Plaintiff, Pam R. Chisum, has appealed the final decision of the Commissioner of the Social Security Administration denying her claim for Disability Insurance benefits and Supplemental Security Income based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. The Court may not reverse the Commissioner's decision, however, just because substantial evidence would support a decision different from that of the ALJ. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Under the Social Security Act ("the Act"), "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) and 1382a(3)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3) and 1382a(C)(I).

Plaintiff alleged that she was limited in her ability to work by arthritis, multiple surgeries, and an inability to get around. (Tr. 88) After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Act at any time through January 9, 2008, the date of his decision. (Tr. 22-23) On June 9, 2008, the Appeals Council received and considered additional evidence but denied Plaintiff's request for a review of the ALJ's decision. Thus, the ALJ's decision became the final decision of the Commissioner. (Tr. 3-5) Plaintiff filed the complaint in this case initiating an appeal (docket entry #2). After considering the

---

[1]The Honorable William M. Manico.

record as a whole, the Court concludes that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 44 years old at the time of the hearing. (Tr. 278, 294) She was a high school graduate (Tr. 92, 257), with past relevant work as a grocery cashier (Tr. 81, 89, 98).

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i) (2007). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.* at §§ 404.1520(b); 416.920(b).

Step 2 involves a determination of whether the claimant's claimed impairments are "severe" and meet the duration requirement. *Id.* at §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). A "severe" impairment significantly limits a claimant's ability to perform basic work activities. *Id.* at §§ 404.1520(c); 416.920(c).

Step 3 involves a determination of whether the severe impairments meet or equal a listed impairment. *Id.* at §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. *Id.* If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. *Id.* at §§ 404.1520(a)(4) and 416.920(a)(4).

At Step 4, a determination is made as to whether the claimant has sufficient residual functional capacity to perform past relevant work. *Id.*, §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, §§ 404.1520(a)(4)(v) and 416.920(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. *Id.*

In this case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 15)  He found that she had "severe" impairments: a remote injury to her right knee requiring multiple surgeries and a rotator cuff tear to her right shoulder.  *Id.*  He found she did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 19)  He judged that Plaintiff's allegations regarding her limitations were not entirely credible. (Tr. 19-21)

The ALJ found that Plaintiff retained the residual functional capacity for sedentary work. (Tr. 19)  He found that she was unable to perform her past relevant work. (Tr. 21-22)  The ALJ applied Plaintiff's vocational profile and the residual functional capacity which he had found, and established that Rule 201.28, Table No. 1, Appendix 2, Subpart P, Regulations No. 4 directed a finding that Plaintiff was not disabled. (Tr. 22)  Thus, the ALJ concluded that Plaintiff was not disabled.  *Id.*

Plaintiff contends that the ALJ erred by failing to evaluate her back and left shoulder. (Br. 8-9)  Plaintiff's point is not well taken.  The ALJ discussed Plaintiff's complaints of both back and shoulder pain. (Tr. 15, 16, 17)

Plaintiff also argues that the ALJ erred in his evaluation of opinion evidence. (Br. 9-13)  On August 20, 2007, Clifford L. Evans, M.D., wrote a letter on behalf of Plaintiff. (Tr. 230, 234[2])  In pertinent part, it stated:

> Ms. Chisum is a patient under my care.  Ms. Chisum is disabled due to a motor vehicle accident in 1986 where she received multiple fractures.  She also has arthritis, depression and anxiety.  Ms. Chisum in unable to work due to these medical disabilities.

*Id.*

Dr. Evans wrote a second to-whom-it-may-concern letter soon after the ALJ's decision. (Tr. 253)  In pertinent part, it stated:

---

[2]There is some duplication in the record.

4

> Pamela Chisum is a patient of mine. She is disabled due to an old motor vehicle accident where she sustained several fractures. She now has Degenerative Arthritis, Depression and Anxiety. This patient has had a total of 26 surgeries. She had seven surgeries on her right leg. She has chronic lumbar pain and has had Epidural Steroid Injections in her lumbar spine due to bulging disc. This patient uses a cane to ambulate. Her Depression and Anxiety is aggravated by the fact the she is unable to get up and around to do the things that she used to be able to do, such as work. This patient takes Hydrocodone 10/650 one or two tablets three times a day. This makes the pain tolerable and makes it possible for her to carry out her activities of daily living, such as bathing, etc. It is my opinion that this patient is disabled and unable to work.

*Id*.

Plaintiff contends that Dr. Evans was a treating physician. (Br. 9) When he wrote the first letter, however, Dr. Evans had first seen Plaintiff three months before. (Tr. 240) The treating physician rule is premised, at least in part, on the notion that a treating physician is usually more familiar with a claimant's medical condition than are other physicians. *Thomas v. Sullivan*, 928 F.2d 255, 259 n.3 (8th Cir. 1991). As of August 2007, Dr. Evans was not entitled to treating physician status. See *Randolph v. Barnhart*, 386 F.3d 835, 840 (8th Cir. 2004) (noting that the doctor had only met with patient on three occasions when she filled out checklist). "Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion." 20 C.F.R. §§ 404.1527(d)(2)(i), 416.927(d)(2)(i) (2007). Furthermore, a doctor's opinion that a claimant is "disabled" is entitled to no deference because findings of disability are reserved to the Commissioner. *Robson v. Astrue*, 526 F.3d 389, 393 (8th Cir. 2008); *House v. Astrue*, 500 F.3d 741, 744 (8th Cir. 2007).

Plaintiff also argues that the ALJ improperly rejected the opinion of John Dobbs, M.D., who consultatively examined her in July of 2006. (Br. 9) Dr. Dobbs noted a reduced range of motion in Plaintiff's lumbar spine, right shoulder and right knee, but otherwise found a full range of motion of the spine and all extremities. (Tr. 108) He observed that

5

Plaintiff walked slowly with a cane, but noted no muscle atrophy or sensory abnormality. (Tr. 109) Plaintiff was neurologically intact. *Id.* Circulation was normal, and Dr. Dobbs noted no edema. (Tr. 110) Plaintiff was oriented to time, person and place, but appeared somewhat sedated secondary to central nervous system depression medications. (Tr. 110-11) (The ALJ noted that Plaintiff had taken psychotropic medication through August of 2006, but not thereafter (Tr. 19)) The ALJ discussed Dr. Dobbs's examination and observations, but never rejected any opinion; he just decided that the results of the examination were not inconsistent with sedentary work. (Tr. 15-16, 19)

Plaintiff also contends that the ALJ failed to consider the opinion of her long-time treating physician William Berry, M.D. (Br. 9) The "opinion" that Plaintiff contends the ALJ failed to consider is contained in an office note dated February 20, 2006, which states that the plan was for Plaintiff "[illegible] go back on disability."[3] (Br. 6, Tr. 133) That is not a medical opinion that the ALJ needed to address.[4] Plaintiff was still working at that time and did not allege an onset of disability until the following month. (Tr. 15, 133) A fair reading of the ALJ's decision leads to a conclusion that he adequately addressed medical opinions.

Plaintiff also faults the ALJ's credibility determination. (Br. 13-15) The ALJ considered Plaintiff's credibility in accordance with the applicable regulations.[5]

> Factors relevant to your symptoms, such as pain, which we will consider include:
> (i) Your daily activities;

---

[3] Plaintiff had apparently received Disability Insurance benefits from November, 1992, through December, 2004. (Tr. 13)

[4] This was also a question reserved to the Commissioner.

[5] The ALJ also cited Social Security Ruling 96-7p. (Tr. 20) That Ruling tracks the factors of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) and 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) and elaborates on them.

    (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
    (iii) Precipitating and aggravating factors;
    (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
    (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
    (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
    (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3); 416.929(c)(3) (2007).

  There is little objective support in the record for Plaintiff's claim of disability. No evaluations showed medical conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave the ALJ reason to discount those complaints. *Richmond v. Shalala*, 23 F.3d 1141, 1443 (8th Cir. 1994).

  Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of her allegations, the lack of treatment for significant periods of time, Plaintiff's poor work record, her functional capabilities, and the lack of restriction placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints. *See, e.g., Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (holding that the ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); *Dodson v. Chater*, 101 F.3d 533, 534 (8th Cir. 1996) (holding that, after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

  Plaintiff left her last job April 8, 2006, when she was fired, not because she could not do the job, but for "mouthing" and "causing trouble." (Tr. 257) She filed for Disability Insurance benefits and Supplemental Security Income three days later. (Tr. 13)

Plaintiff claimed to be legally blind without her contact lenses (Tr. 67); however, her corrected vision was 20/40 and 20/30. (Tr. 107)  She testified that she started using a cane after an incident in which she stepped in a hole in her yard. (Tr. 263)  She did see a doctor after she stepped in the hole, and he took an x-ray (Tr. 265).  This visit occurred after Plaintiff left her last job.  *Id.*  Plaintiff points to medical evidence of her stepping in a hole. (Br. 14) That evidence, however, dates to October 10, 2001, almost five years before she stopped working.  (Tr. 216)  In addition, as the ALJ pointed out (Tr. 16-17), there is an apparent gap in medical treatment between August 16, 2006, and May 16, 2007.  (Tr. 112, 240)  The ALJ's credibility analysis was proper.  He made express credibility findings and gave his reasons for discrediting Plaintiff's subjective complaints. See *e.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds v. Chater*, 82 F.3d at 258; *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995).  His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003).

Finally, Plaintiff contends that the ALJ erred by failing to fully and fairly develop the record when he did not obtain results of MRIs ordered by Dr. Berry. (Br. 15-16)  The ALJ allowed Plaintiff's attorney[6] two weeks to track down results of MRIs ordered by Dr. Berry. (Tr. 294-95)  There is some question as to whether these MRIs were ever conducted. (Tr. 16) In any event, there is no indication that Plaintiff's attorney requested additional time to locate the MRI results or otherwise indicated that he needed assistance obtaining them. Plaintiff bears a heavy burden in showing the record has been inadequately developed.  She must show both a failure to develop necessary evidence and unfairness or prejudice from

---

[6]Plaintiff is represented by different counsel on appeal from her attorney at the hearing.

8

that failure.  *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007); *Robinson v. Astrue*, 2008 WL 312034 (E.D. Ark.).  Plaintiff has failed to make such a showing.

It is not the task of this Court to make an independent decision; nor can the Court reverse the decision of the ALJ solely because there is some evidence in the record contrary to his findings.  The test is whether there is substantial evidence on the record as a whole which supports the ALJ's decision.  See *e.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence in the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; see also *Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

For these reasons, the Court hereby recommends that the District Court affirm the final determination of the Commissioner and dismiss Plaintiff's complaint with prejudice.

DATED this 23rd day of June, 2009.

_____
UNITED STATES MAGISTRATE JUDGE